HOWARD M. WARD AND ROSALIE WARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ward v. Commissioner
Docket No. 3426-81.
United States Tax Court
T.C. Memo 1983-736; 1983 Tax Ct. Memo LEXIS 46; 47 T.C.M. (CCH) 588; T.C.M. (RIA) 83736; December 12, 1983. Joseph Weigel, for the petitioner. Sheldon Kay, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis, pursuant to the provisions of section 7456(c) and (d) of the Internal Revenue Code, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion, which is set forth below. *47 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined deficiences in petitioners' Federal income tax, plus additions to the tax under section 6653(a), as follows: INCOME TAX
ADDITIONS TO TAX
YEAR
DEFICIENCY
Section 6653(a)
1977
$6,115.40
$305.77
1978
5,957.28
297.86
Petitioners have conceded that the income reported by the Howard M. Ward Family Trust and the Howard M. Ward Business Trust is taxable to the petitioners for the taxable years here involved. On brief, petitioners also conceded that the $3,000 payment to Educational Scientific Publishers (A Trust) to establish a family and business trust was a non-deductible personal expense. The remaining issues for decision are: (1) whether petitioners failed to report taxable income in the amounts computed by the respondent for the taxable years 1977 and 1978; (2) whether in 1977 petitioners are entitled to a bad debt deduction under section 166; (3) whether petitioners' income for 1978 should be increased to reflect the gain on the sale of two trailers; (4) whether in 1977 petitioners are liable for self-employment tax under section 1402; and (5) whether any part *48 of petitioners' underpayment of tax for the years 1977 and 1978 was due to negligence or intentional disregard of the rules and regulations. Petitioners resided in Central City, Kentucky at the time the petitioners herein were filed. During all relevant times petitioner - husband (hereinafter petitioner) was employed by Kentucky Utilities Company. In addition, petitioner participated in other business ventures, which included the rental of mobile homes. Respondent determined that petitioner failed to report income for 1977 and 1978 in the respective amounts of $16,567.12 and $19,021.06. [3] This determination was made by using the bank deposit method of income reconstruction which permits the Commissioner to establish income by taking into account bank deposits and cash expenditures made by the taxpayer where inadequate or inaccurate books and records are kept by the taxpayer. Traum v. Commissioner,237 F.2d 277 (7th Cir. 1956), affg. a Memorandum Opinion of this Court; see Synder v. Commissioner,T.C. Memo. 1969-173. This method of reconstructing income is intended to make a comparison between (a) the income reflected on the taxpayer's returns *49 and (b) the aggregate of the taxpayer's expenditures and bank deposits for the taxable year. Though not conclusive, bank deposits are prima facie evidence of income. Estate of Mason v. Commissioner,64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Where respondent uses this method, the burden rests with the taxpayer to show respondent's determination was incorrect. Estate of Mason,supra at 657. Here petitioner stipulated that the total deposits made by petitioner to his various bank accounts in 1977 and 1978 were correct.However, petitioner maintains that certain specific deposits are excludible from income. On June 6, 1977, petitioners' daughter was involved in an automobile accident. Since the hospital required $2,400 upon admission petitioner wrote two checks to the hospital, one for $400 and a second for $2,000. Petitioner testified that this amount represented a loan to his daughter who *50 repaid petitioner upon receipt of her insurance proceeds. Petitioner presented evidence showing deposits of $605.55 and $1,794.54, made in August of 1977. Since petitioner presented sufficient evidence that he redeposited this $2,400 into his personal bank account, we find that this amount is a non-taxable item. Petitioners' taxable income for 1977 must therefore be reduced by $2,400. Petitioner contends that a deposit of $2,000 in November 1977 represents the non-taxable proceeds from the sale of an automobile to his daughter. Petitioner's perfunctory testimony on this item is unpersuasive and we must reject his contention. Petitioner also contends that a $2,000 deposit in October 1977 represents a transfer between a trust account and his personal bank account. The evidence supports petitioner's contention and we find that this deposit is a nontaxable item. We conclude that petitioner's taxable income for 1977 should be reduced by that amount. Petitioner argues that a deposit of $5,458.24 in February 1978 represents an insurance reimbursement for a damaged vehicle and that a deposit of $8,663.64 represents the proceeds from the sale of his Chevrolet automobile. Again, *51 petitioner's testimony is extremely general in nature and completely unsupported by the evidence. Moreover, it appears from the record that the February 1978 deposit of $5,458.24 is simply the total of two deposits made on that date. The record also shows that the automobile purportedly sold in December 1978 for $8,663.64 had been purchased some nine months earlier for $7,450. In short, we find petitioner's arguments with respect to these two deposits singularly unpersuasive and we reject them. Respondent, in reconstructing petitioner's taxable income, included loan payments made in cash by petitioner to the bank in 1977 and 1978 in the respective amounts of $3,289.54 and $4,343.77. Petitioner's vaguely couched objections to these items are unpersuasive. He admitted his records with respect to his loan repayments were incomplete and his testimony at the trial was conjectural in nautre. We conclude petitioner has not met his burden with respect to these items. Nor is there any satisfactory evidence to support his confusing argument that some unspecified deposits in 1978 may have been redeposits of checks which earlier had been returned to him by the bank for insufficient funds. *52 Respondent disallowed a business bad debt deduction of $5,000 claimed by petitioner in 1977. Petitioner argues that some time in 1976 he received a note from a customer in payment for merchandise and that the customer subsequently became bankrupt and left the country. Initially, there is no convincing evidence in the record to show the existence of the note. Even if such note did exist, petitioner has failed to establish that he included the $5,000 in his taxable income for 1976 and consequently he is not entitled to a deduction under section 166 when the note purportedly became worthless. Section 1.166-1(e), Income Tax Regs.Finally, in view of the nebulous testimony, we are unable to find that the note (if it did in fact exist) became worthless in 1977. We must on this record sustain the respondent. Petitioner offered no evidence or contentions with respect to the adjustment concerning the gain from the sale of two trailers in 1978 in the amount of $846.29 or with respect to respondent's determination that petitioner was liable for self-employment tax in 1977. Respondent is therefore sustained. See Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent determined *53 that petitioner is liabile for an addition to tax due to negligence or intentional disregard of the rules and regulations. Section 6653(a). Petitioner has the burden of disproving respondent's determination that the negligence addition applies. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Rule 142(a), Tax Court Rules of Practice and Procedure. We hold that petitioner has failed to carry his burden. There is no persuasive evidence to show that petitioner, in creating the trusts in March 1977 after obtaining the literature and pre-printed forms from Educational Scientific Publishers (A Trust), relied in good faith upon the advice of competent counsel or of an experienced accountant to assure himself of their validity. See Conlorez v. Commissioner,51 T.C. 467, 475 (1968). Petitioner's discussions concerning the trust were essentially with representatives of Educational Scientific Publishers (A Trust) who were neither attorneys nor accountants. In fact, one such representative was a chiropractor. In essence, petitioner relied upon the materials and generalized instructions supplied by Educational Scientific Publishers (A Trust). Under analogous *54 circumstances involving similar tax-avoidance schemes this Court has upheld the negligence addition. See Luman v. Commissioner,79 T.C. 846, 860-861 (1982); Vercio v. Commissioner,73 T.C. 1246, 1259 (1980); Wesenberg v. Commissioner,69 T.C. 1005, 1015 (1978); Vnuk v. Commissioner,621 F.2d 1318, 1321 (8th Cir. 1980), affg. a Memorandum Opinion of this Court. We concluded that petitioner's actions, as demonstrated by this record, constituted negligence or intentional disregard of the law. Respondent is therefore sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in said Rule are not applicable to this case.
3. Initially respondent determined $20,621.06 of unreported imcome for 1978. The parties have stipulated that $1,600 was transferred from one of petitioner's accounts to another, thereby reducing this amount to $19,021.06.↩